IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOS TRUCKING & THE ESTATE OF ANDREA BELL, §<br>PLAINTIFFS, §<br>§<br>v. §<br>§<br>AMERIHOME MORTGAGE §<br>COMPANY, LLC, CENLAR FSB, §<br>& EVERETT FINANCIAL INC. D/B/A §<br>SUPREME LENDING, §<br>DEFENDANTS. § | CASE NO. 3:21-CV-3140-M |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Defendants AmeriHome Mortgage Company, LLC and Cenlar FSB's Motion to Dismiss*. Doc. 4. For the following reasons, the motion should be **GRANTED**.

I. PROCEDURAL HISTORY

In January 2020, Andrea Bell ("Bell") and Healthcare Plus filed their first suit in state court against (1) Everett Financial, Inc. d/b/a Supreme Lending ("Everett Financial"), (2) AmeriHome Mortgage Company, and (3) Cenlar FSB, all of whom are defendants in the present action. Doc. 4 at 6, 28. The lawsuit ("*Bell I*") pertained to the foreclosure of real property located at 4022 Meadow Canyon Drive, Lancaster, Texas 75416 ("the Property"). The *Bell I* defendants removed the case to this Court based on diversity jurisdiction. *Bell v. Everett Fin., Inc.*, No. 3:20-CV-370-L, 2021 WL 1192149, at *1 (N.D. Tex. 2021) (Lindsay, J.). They then moved to dismiss the complaint for failure to state a claim, which motion the Court granted. *Id.*;

Doc. 4 at 58-65, 67.  Thereafter, the defendants again posted the Property for a foreclosure sale. Doc. 1-4 at 6; Doc. 4 at 9, 22-26.

In the present action, the Estate of Andrea Bell ("the Estate") and SOS Trucking (collectively, "Plaintiffs") filed suit in Dallas County state court against the same defendants as those named in *Bell I* (collectively, "Defendants") in relation to the proposed foreclosure on the Property.[1]  Doc. 1-4 at 2-3.  Defendants again removed the suit to this Court based on diversity jurisdiction.  Doc. 1.  Now before the Court is Defendants' motion to dismiss Plaintiffs' suit pursuant to Rule 12(b)(6) based, in part, on their argument that Plaintiffs' claims are barred by *res judicata*.  Doc. 4 at 11.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).  However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted).  To survive a motion to dismiss, a party's factual allegations "must be enough to raise a right to relief above the speculative level

---

[1] In the present litigation, just as in *Bell I*, there is no indication Everett Financial was ever served with Plaintiff's complaint.  *See Bell*, 2021 WL 1192149, at *4.  Thus, the Court need not address Defendants' assertion that Plaintiffs named Everett Financial as a defendant solely to defeat diversity jurisdiction.  *See* Doc. 1 at 5.

2

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

Generally, a party cannot premise a motion to dismiss under Rule 12(b)(6) on the affirmative defense of *res judicata*. *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 (5th Cir. 1977). But "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citation omitted). The burden of proving *res judicata* rests on the party claiming the benefit of the defense. *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 448 (5th Cir. 2016) (citation omitted). Because the *Bell I* judgment was entered by the federal district court, the effect of that judgment is controlled by federal *res judicata* rules. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

### III. ANALYSIS

Defendants attach to their motion: (1) a corporate assignment of deed of trust, Doc. 4 at 20; (2) a notice of trustee's sale and appointment of substitute trustee, Doc. 4 at 22-26; (3) the *Bell I* complaint and attachments thereto, Doc. 4 at 27-56; and (4) the Court's *Order* and *Judgment* in *Bell I*, Doc. 4 at 58-67. As a preliminary matter, the Court notes that it may consider the attachments to Defendants' motion in determining whether Plaintiffs' complaint states a claim. *Chevron Oronite Co. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 229 n.14 (5th Cir. 2020) (providing that courts considering Rule 12(b)(6) motions may take judicial notice of the record in prior related proceedings as well as matters of public record). Because the documents at issue are matters of public record, the contents of which cannot reasonably be disputed, the Court considers them here.

Defendants argue "[a] clearer example of *res judicata*" than that presently before the Court "is unimaginable, and this case should proceed no further." Doc. 4 at 6-7. Plaintiffs do not address the *res judicata* argument in their response to Defendants' motion. "Failure to raise an argument before the district court waives that argument." *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011). Nevertheless, the Court will briefly analyze Defendants' *res judicata* argument *infra*.

The rule of *res judicata* encompasses two doctrines: "(1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (emphasis added). As relevant here, the former "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id*. Each is addressed in turn below.

**A. The parties are identical or in privity.**

As noted above, Defendants were parties in *Bell I*. See Doc. 4 at 67 (*Bell I* Judgment). Defendants argue the *Bell I* plaintiffs, Bell and Healthcare Plus, are in direct privity with Plaintiffs here, namely the Estate and SOS Trucking. Doc. 4 at 12. "It is a fundamental principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). But where there is sufficient identity between the parties in the prior and subsequent suits, federal courts have found individuals to be in privity even if they were not technically parties to

the prior suit.  *Id.*  Privity exists where: (1) the non-party is the successor in interest to a party's interest in property; (2) the non-party controlled the prior litigation; or (3) the non-party's interests were adequately represented by a party to the original suit.  *Id.*

### 1. The Estate

Defendants argue "the Estate purports to be exercising the rights its decedent, Bell, supposedly had in the Property or in connection with the Deed of Trust."  Doc. 4 at 12.  Plaintiffs do not dispute this—in fact, the relationship between Bell and the Estate is interesting to say the least.  The operative complaint here indicates Bell passed away in March 2019, Doc. 1-4 at 5, ten months before the *Bell I* plaintiffs filed suit in state court, *Bell*, 2021 WL 1192149, at *1.  In theory, Bell's interests were represented by the Estate in the *Bell I* litigation.  *Meza*, 908 F.2d at 1266.  Even were that not the case, "[a] non-party is in privity with a party for *res judicata* purposes . . . if he is a successor in interest to the party's interest in the property."  *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990).  Because the Property became a part of the Estate upon Bell's death, the Estate is her successor in interest.

### 2. SOS Trucking

Defendants argue SOS Trucking "claims to have succeeded to whatever rights and interest Healthcare Plus Services had acquired through its purchase of the Property from the Estate, and litigated in *Bell I*."  Doc. 4 at 12.  In *Bell I*, the Court noted it was "at a loss as to why Healthcare Plus [was] a plaintiff in [that] litigation" because the complaint indicated Bell was the sole owner of the Property.  *Bell*, 2021 WL 1192149, at *4.

In the present action, the operative complaint alleges that, after Bell's death, "her estate through her heir Donovan Henry sold and deeded the [Property] to Healthcare Plus Services," which explains Healthcare Plus's status as a co-plaintiff in *Bell I*.  Doc. 1-4 at 5.  Healthcare Plus

then assigned its interest in the Property to SOS Trucking. Doc. 1-4 at 5. Legal relationships such as those between "preceding and succeeding owners of property" justify the application of *res judicata*. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). The legal relationship between Healthcare Plus and SOS Trucking thus demonstrates the privity between them.

**B. The judgment in the prior action was rendered by a court of competent jurisdiction.**

With respect to the second element, a judge of this Court dismissed *Bell I*. Doc. 4 at 67 (*Bell I* Judgment); *Bell*, 2021 WL 1192149, at *1. The Court was competent to adjudicate the case. *See Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 215 (N.D. Tex. 2020). This element is satisfied.

**C. The prior action was concluded by a final judgment on the merits.**

The Court in *Bell I* dismissed with prejudice all the parties' claims with prejudice. Doc. 4 at 65; *Bell*, 2021 WL 1192149, at *4. A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for *res judicata* purposes. *See Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally a federal court's dismissal with prejudice is a final judgment on the merits for *res judicata* purposes . . . [i]t is well established that Rule 12(b)(6) dismissals are made on the merits.") (citing *Fed. Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981)). The third element is met.

**D. The same claims or causes of action are involved in both suits.**

Defendants aver "this action involves the exact same claims and allegations that were involved in *Bell I*, as evidenced by the virtually carbon copy pleadings in the two actions." Doc. 4 at 12. The United States Court of Appeals for the Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Test Masters*, 428 F.3d at 571 (citation omitted). "Under the transactional test, a prior judgment's preclusive effect

6

extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

In *Bell I*, the plaintiffs challenged Defendants' ability to foreclose on the Property. *See Bell*, 2021 WL 1192149, at *3. Specifically, the plaintiffs asserted claims of statutory and common law fraud, breach of contract, and quiet title, and sought to recover actual and exemplary damages in addition to injunctive and declaratory relief. Doc. 4 at 31-34. In the present litigation, Plaintiffs' claims and requests for relief are identical. Doc. 1-4 at 6-9. *Bell I* thus arises from the same operative facts and transactions as this case. *See Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738 (5th Cir. 2015) (holding that subsequent case, based on same mortgage loan and raising same challenges to assignment and constitutionality of loan as prior suit, was barred by *res judicata*). Because each of the elements of *res judicata* are satisfied here, Plaintiffs' claims against Defendants are barred and should be dismissed with prejudice.

## IV. LEAVE TO AMEND

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to the dismissal of their case. However, Plaintiffs' claims are fatally infirm. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (providing that, while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case'"). Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## V.   CONCLUSION

For the foregoing reasons, *Defendants AmeriHome Mortgage Company, LLC and Cenlar FSB's Motion to Dismiss*, Doc. 4, should be **GRANTED**, and Plaintiffs' claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 8, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).